OPINION
{¶ 1} The current appeal arises from the Geauga County Court of Common Pleas' decision adjudicating appellant, Dennis Wantz, a sexual predator, pursuant to R.C. 2950.09.
 {¶ 2} On May 6, 1993, appellant entered a guilty plea on a single count of rape. Appellant was convicted and sentenced to an indefinite term of not less than eight nor more than twenty-five years in prison. When the Ohio Department of Corrections recommended that appellant be declared a "sexual predator," appellant attempted to dismiss the proceeding alleging that the statutory provisions within R.C. 2950.01 et seq., were unconstitutional. The trial court denied appellant's motion on January 11, 1999 and classified him a sexual predator by an entry dated January 12, 1999.
 {¶ 3} Appellant appealed to this court and we reversed the trial court's decision. See State v. Wantz (Dec. 29, 2000), 11th Dist. No. 99-G-2216, 2000 Ohio App. LEXIS 6195. As a basis for reversing, we noted that the trial court failed to consider any of the statutory factors in making its determination. On February 14, 2002, the trial court again labeled appellant a sexual predator. Appellant now appeals.
 {¶ 4} In his sole assignment of error, appellant contends that there was insufficient evidence to support the trial court's decision to label him a sexual predator. In support, appellant argues the trial court: (1) did not consider all of the factors required by R.C. 2950.09(B), (2) was not presented with any testimony in support of the adjudication, and (3) considered only the facts presented during the appellant's trial to make its determination.
 {¶ 5} R.C. 2950.01(E) defines a "sexual predator" as a person who has been convicted of a sexually oriented offense and is likely to engage in that type of behavior in the future. Utilizing this definition, a trial court can classify a defendant as a sexual predator only if it concludes that the state has established each prong of the definition by clear and convincing evidence. See R.C. 2950.09(C)(2)(b). Clear and convincing evidence is that measure of proof which is more than a mere preponderance of evidence but less than the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and which would provide in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Cincinnati Bar Assn. v. Massengale
(1991), 58 Ohio St.3d 121, 122.
 {¶ 6} In assessing a defendant's likelihood for recidivism under R.C. 2950.01(E), the trial court must consider all relevant factors, including, but not limited to, each of the following: The offender's age; prior criminal record; the age of the victim of the sexually oriented offense; whether the sexually oriented offense involved multiple victims; whether the offender used drugs or alcohol to impair the victim or prevent the victim from resisting; if the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sex offenders; any mental illness or mental disability of the offender, the nature of the offender's sexual conduct, contact, or interaction in a sexual context with the victim was part of a demonstrative pattern of abuse; whether the offender, during commission of the offense, displayed cruelty or threatened cruelty; and, any additional behavioral characteristics that contribute to the offender's conduct. State v. Anderson (Dec. 14, 2001), 11th Dist. No. 2000-G-2316, 2001 Ohio App. LEXIS 5644, citing, R.C.2950.09(B).
 {¶ 7} An appellate court must examine the record to determine whether the trier of fact had sufficient evidence before it to satisfy the requirements of R.C. 2950.01(E) by clear and convincing evidence.State v. Stillman (Dec. 22, 2000), 11th Dist. No. 200-L-015, 2000 Ohio App. LEXIS 6106. Whether the evidence is legally sufficient to support the finding by the trier of fact is a matter of law. State v. Thompkins
(1997), 78 Ohio St.3d 380, 386.
 {¶ 8} A finding of likely recidivism by a trial court can be made even though a majority of the factors are not relevant in a given case.State v. Fairbanks, 11th Dist. No. 2001-L-062, Ohio 7002003, ¶ 13. That is, R.C. 2950.09(B) does not require a court to consider factors irrelevant to the context and circumstances of the case in question. As such, a trial court may afford greater weight to one factor over another depending on the facts of the case. State v. Wade (Dec. 29, 2000), 11th Dist. No. 99-T-0061, 2000 Ohio App. LEXIS 6218.
 {¶ 9} In State v. Eppinger (2001), 91 Ohio St.3d 158, the Supreme Court of Ohio set forth a "model" structure for sexual offender classification hearings. In doing so, the court enunciated some basic, guiding standards for conducting a R.C. 2950.09 hearing. In Eppinger, the court stated:
 {¶ 10} "In a model sexual offender classification hearing, there are essentially three objectives. First, it is critical that a record be created for review. Therefore, the prosecutor and defense counsel should identify on the record those portions of the trial transcript, victim impact statements, presentence report, and other pertinent aspects of the defendant's criminal and social history that both relate to the factors set forth in R.C. 2950.09(B)(2) and are probative of the issue of whether the offender is likely to engage in the future in one or more sexually oriented offenses * * *.
 {¶ 11} "Second, an expert may be required * * * to assist the trial court in determining whether the offender is likely to engage in the future in one or more sexually oriented offenses. * * *
 {¶ 12} "Finally, the trial court should consider the statutory factors listed in R.C. 2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism." Eppinger, supra, at 166.
 {¶ 13} In the current matter, the trial court's judgment entry reflects the various factors it considered in labeling appellant a sexual predator. The judgment entry states that the lower court's decision to label appellant a sexual predator was based on consideration of all relevant factors in R.C. 2950.09(B)(2). In particular it found that: appellant was born on May 18, 1954, see R.C. 2950.09(B)(2)(a); appellant was previously convicted of gross sexual imposition with a ten-year old girl, see R.C. 2950.09(B)(2)(b); the victim in the current case was a seven-year old girl at the time of the offense, see R.C. 2950.09(B)(2)(c); appellant was on shock probation from his prior conviction for gross sexual imposition, see R.C. 2950.09(B)(2)(f); appellant did not, at the time of the current offense, have a mental illness or mental disability, see R.C. 2950.09(B)(2)(g); appellant manipulated the victim into having sexual relations with him throughout the year of 1992 until Christmas-time of the same year, see R.C. 2950.09(B)(2)(h); appellant used the certain members of a church congregation, who trusted and supported him, to select and cultivate his relationship with the victim in the instant case, see R.C. 2950.09(B)(2)(g); appellant admitted his sexual addiction to girls under the age of thirteen, see R.C.2950.09(B)(2)(j).
 {¶ 14} Although the court did not explicitly consider R.C.2950.09(B)(2)(d), 2950.09(B)(2)(e), or 2950.09(B)(2)(i), such omissions do not undermine the court's conclusion. These subsections include factors inapplicable and therefore irrelevant to the instant matter. Because R.C. 2950.09(B)(2) explicitly states that "the judge shall consider all relevant factors," the court is not obligated to ruminate on factors that have no bearing on the particular case before it. Therefore, the record reflects that the trial court sufficiently considered the relevant statutory factors on which it relied to make its determination.
 {¶ 15} Moreover, the state and defense entered into a series of stipulations with regard to exhibits in connection with the sexual predator proceedings. The state's exhibits included a pre-sentence report, police reports, and a sexual aggression assessment from Ravenwood Mental Health Center. The pre-sentence report provides, inter alia, insight into the circumstances under which appellant was convicted of his past sexual offense. The police reports provide a structured account of the investigation, including witness statements, for the case which prompted the sexual predator hearing in question. Moreover, the sexual aggression assessment, conducted in 1998, provides expert analysis of appellant, his records, and the results of certain psychological tests. At the end of the report, the experts summarize their findings, stating: "[that] appellant is at a high risk for repeat sexual offending due to his significant sexual offending history, his continued attraction and fantasies regarding young girls, poor internal self-control, and lack of appropriate adult relationships."
 {¶ 16} In sum, an adequate record was preserved for appellate review. A written sexual aggression assessment of appellant's likelihood of recidivism was prepared by experts at a mental health center. Further, the trial court memorialized its findings and conclusions in its judgment entry and, in so doing, considered all relevant factors pursuant to R.C. 2950.09(B)(2). In our view, the lower court's procedure and conclusions complied with the Supreme Court's dictates in Eppinger. Moreover, the record demonstrates that the state presented sufficient evidence for the court to find, by clear and convincing evidence, that appellant is a sexual predator for purposes of R.C. 2950.01(E). Therefore, appellant's only assignment of error lacks merit.
 {¶ 17} For the foregoing reasons, the judgment of the Geauga County Court of Common Pleas is affirmed.
Judgment affirmed.
JUDITH A. CHRISTLEY and WILLIAM M. O'NEILL, JJ., concur.